IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | 1:21-CR-152-RP |
| vs. | § § § | |
| | § | |
| LUIS CESAR AVILA (8) | § | |

### ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, in particular, a wide-ranging conspiracy to import methamphetamines, heroin, and cocaine into the United States from Mexico;

- the weight of the evidence against the Defendant, particularly his arrest at the U.S.-Mexico border while in possession of methamphetamine and heroin, statements he made to law enforcement when in custody, and communications to, from, and regarding Defendant that were intercepted during surveillance of participants in the alleged conspiracy;

- - the history and characteristics of the Defendant, including his frequent trips across the U.S.-Mexico border; his ties to family and other individuals in Mexico; his minimal ties to Austin, Texas, where he would stand trial; his lengthy criminal history, including a history of violent crimes, violation of terms of probation, multiple failures to appear for court hearings (including at least one instance in which a court issued a capias to secure his appearance);

- - the nature and seriousness of the danger to any person or the community that would be posed by the person's release, in particular, his history of violent crime noted above, and his participation in an international drug smuggling conspiracy;

- - finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED March 15, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE